UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

NICOLE BLAHUT,

      Plaintiff,

vs.

TRACTION MANAGEMENT CORPORTION
d/b/a 4EVER YOUNG LAKE IVANHOE, LLC
and ERIC REYES,

      Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, NICOLE BLAHUT ("Ms. Blahut"), by and through undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, TRACTION MANAGEMENT CORPORATION d/b/a 4EVER YOUNG LAKE IVANHOE ("4Ever Young") and ERIC REYES ("Mr. Reyes"), and states as follows:

### I.    **INTRODUCTION**

1. The Federal Fair Labor Standards Act (the "Act") was designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a).

2. To achieve its goals, the Act sets minimum pay standards for employees and employers.

3. Importantly, the Act also prevents "[t]he exploitation of a class of workers who are in an unequal position with respect to bargaining power[]." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J). "[T]he denial of a living wage is not only detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *Id.*

4. The State of Florida also secures individual's rights by setting minimum pay standards through Article X of Florida's Constitution and through Florida Statute §448.110, also known as Florida's Minimum Wage Act ("FMWA").

5. 4Ever Young utilized its unequal bargaining power to render Ms. Blahut defenseless against the denial of a living wage, something she is entitled to receive and which is protected by the Act.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b).

### III. FACTUAL ALLEGATIONS

8. Ms. Blahut was employed by 4Ever Young from approximately March 11, 2024 to July 26, 2024.

9. 4Ever Young operates an aesthetic and anti-aging vitality center.

10. Ms. Blahut was employed by 4Ever Young as an advanced practice registered nurse ("APRN").

11. 4Ever Young agreed to pay Ms. Blahut an hourly wage for each hour worked.

12. At all times relevant to her employment, Ms. Blahut, regularly used the instrumentalities and channels of interstate commerce while performing her work.

13. At all times relevant to her employment, Ms. Blahut was directly engaged in interstate commerce or in the production of goods for interstate commerce.

14. 4Ever Young is an "employer" as defined by 29 U.S.C. § 203(d).

15. 4Ever Young has employees subject to the provisions of the FLSA in the facility where Ms. Blahut was employed.

16. 4Ever Young employed two or more persons, including Ms. Blahut, engaged in commerce or in the production of goods for commerce,

or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person.

17. Ms. Blahut avers based on information and belief that at all times relevant to the violations of the Fair Labor Standards Act and Florida's Minimum Wage Act, 4Ever Young is an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

18. Defendant, Mr. Reyes, is the owner of 4Every Young.

19. Defendant, Mr. Reyes, is involved in the day-to-day operations of 4Every Young.

20. Defendant, Mr. Reyes, guided the company policies of 4Ever Young.

21. Defendant, Mr. Reyes, actively engaged in the management, supervision, and oversight of 4Ever Young.

22. Defendant, Mr. Reyes, could have authorized 4Ever Young's compliance with the Fair Labor Standards Act.

23. Defendant, Mr. Reyes, had control over the financial affairs of 4Ever Young.

24. Defendant, Mr. Reyes, at all times material hereto was acting directly or indirectly in the interest of 4Ever Young in relation to 4Ever Young's employees and was substantially in control of the terms and conditions of the employees' work.

25. Ms. Blahut worked several hours without receiving the proper minimum wage for each hour worked.

26. 4Ever Young had knowledge that Ms. Blahut worked numerous hours without receiving minimum wage.

27. 4Ever Young failed to make a good faith effort to determine if Ms. Blahut was being compensated appropriately pursuant to the Fair Labor Standards Act and Florida's Minimum Wage Act.

28. 4Ever Young's unlawful compensation practices are in willful disregard of the rights of Ms. Blahut.

29. 4Ever Young has failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

30. 4Ever Young also failed to post the required notice pursuant to the Fair Labor Standards Act and Florida's Minimum Wage Act.

31. Ms. Blahut has retained LaBar & Adams, P.A. as counsel and has agreed to pay said firm a reasonable attorney's fee for its services.

**COUNT I**
**VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FAIR LABOR STANDARDS ACT**

32. Plaintiff, Ms. Blahut, re-alleges and incorporates herein the allegations contained in paragraphs 1-3 and 5-31 above.

33. Ms. Blahut was employed by 4Ever Young from approximately March 11, 2024 to July 26, 2024.

34. During Ms. Blahut's employment, 4Ever Young repeatedly and willfully violated § 6 and § 15 of the Fair Labor Standards Act by failing to compensate Ms. Blahut above the appropriate minimum wage rate for each and every hour worked. Specifically, Ms. Blahut was not compensated the appropriate minimum wage rate from July 15, 2024 to July 26, 2024.

35. Ms. Blahut did not receive any compensation from Defendants from July 15, 2024 to July 26, 2024.

36. 4Ever Young willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

37. 4Ever Young failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Ms. Blahut demands a judgment against 4Ever Young and Mr. Reyes, jointly and severally, for the following:

(a) Unpaid minimum wages found to be due and owing;

(b) An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Ms. Blahut demands a jury trial on all issues contained in Count I.

## COUNT II
## VIOLATION OF FLORIDA'S
## MINIMUM WAGE ACT

38. Plaintiff, Ms. Blahut, re-alleges and incorporates herein the allegations contained in paragraphs 3 and 4-31 above.

39. The Florida Constitution provides that "[a]ll working Floridians are entitled to be paid minimum wage sufficient to provide a decent and healthy life for them and their family, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer funded public assistance in order to avoid economic hardship." Article X, Section 24(a).

40. Actions brought pursuant to the FMWA constitute the remedy for violations of the State Constitution. F.S.§448.110 (10)

41. Employers must pay their employees the hourly state minimum wage for all hours worked in Florida.

42. During Ms. Blahut's employment, 4Ever Young willfully violated the FMWA by failing to compensate Ms. Blahut the appropriate minimum wage rate for each and every hour worked. Specifically, Ms. Blahut was not compensated the appropriate minimum wage rate from July 15, 2024 to July 26, 2024.

43. Ms. Blahut did not receive any compensation from Defendants from July 15, 2024 to July 26, 2024.

44. Defendants failed to display the required Minimum Wage Notice pursuant to Florida Statute §448.109.

45. All conditions precedent to bringing this count have been satisfied.

WHEREFORE, Ms. Blahut demands judgment against 4Ever Young and Mr. Reyes, jointly and severally, for the following:

(a) Unpaid minimum wages found to be due and owing;

(b) An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Ms. Blahut demands a jury trial on all issues contained in Count II.

Dated:  December 11, 2024                    Respectfully submitted,


                                                     */s/ N. Ryan LaBar, Esq.*
N. RYAN LABAR, ESQ.
LEAD COUNSEL
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)